IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**DENISE GRAELLES**,

    Plaintiff,

vs.        No. **CIV 07-1054 MCA/RLP**

**STANDARD FIRE INSURANCE COMPANY,**

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on *Plaintiff's Motion to Remand* [Doc. 3] filed on November 14, 2007. Having reviewed the parties' submissions, the relevant law, and otherwise being fully advised in the premises, the Court finds that this case meets the requirements for removal under 28 U.S.C. §§ 1332 and 1441 because at the time of removal the parties' citizenship was diverse and the amount in controversy was at least $75,000. Therefore, Plaintiff's motion to remand is denied.

**I.   BACKGROUND**

On May 10, 2007, Plaintiffs Pavel and Denise Graelles filed a *Complaint for Damages* in the Thirteenth Judicial District Court for the County of Sandoval, State of New Mexico. Plaintiffs' *Complaint* alleges that Defendant Standard Fire Insurance Company is liable for damages that Plaintiffs suffered as a result of the denial of insurance coverage for a flooding incident at their home. Specifically, Plaintiffs' *Complaint* alleges that the initial cleanup

costs at the home were in excess of $4,000 and that they were denied insurance coverage for approximately $25,000 in cleanup costs. Plaintiffs further allege that as a result of the denial of coverage, they were forced to move out of their home and to purchase another insurance policy at an expense of $1048.39. In addition to these amounts, Plaintiffs' *Complaint* seeks an unspecified sum for consequential damages, attorney fees, and costs for unfair trade practices under various provisions of state law. [Doc. 1-2.]

After executing a quitclaim deed to the property in question, Plaintiff Pavel Graelles was dismissed from the action on September 11, 2007. Defendant David Delgado was dismissed from the action by stipulation of the parties on October 4, 2007. [Doc. 5.] As a result, Plaintiff Denise Graelles and Defendant Standard Fire Insurance Company are the only remaining parties to this litigation.

Defendant Standard Fire Insurance Company removed this action to federal court on October 22, 2007. Defendant's *Notice of Removal* [Doc. 1] asserts that the two remaining parties' citizenship is diverse and that the amount in controvery is at least $75,000.

On November 14, 2007, Plaintiff Denise Graelles moved to remand the action to state court on the grounds that the amount in controversy is less than $75,000. In support of her motion, Plaintiff submitted an affidavit in which she itemized $32,831.93 in cleanup costs and stated that her "claim for damages, including attorney's fees, costs, interest and all other damages of any kind resulting from the wrongdoing alleged in [the] *Complaint* is $74,500." [Graelles Aff. ¶ 6, Doc. 3-2.] Plaintiff's counsel also offered to settle her claim for that amount in a letter dated November 15, 2007. [Ex. D to Doc. 6-5.]

2

In response to the motion to remand, Defendant cited and attached (1) answers to interrogatories in which Plaintiff previously stated that her total claim was in the range of $200,000 [Ex. B to Doc. 6-3], (2) an earlier letter from Plaintiff's counsel which estimates the value of her case at $150,000, with attorney fees in the area of $50,000 [Ex. C to Doc. 6-4], and (3) a letter from an inspector retained by Plaintiff which suggests the possibility that the entire house might need to be replaced [Ex. C to Doc. 6-4]. All of these documents predate the filing of Defendant's *Notice of Removal* [Doc. 1.]

## II.  ANALYSIS

Removal of a state-court action to a federal district court is controlled by 28 U.S.C. § 1441, which states, in relevant part,

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district Court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1332(a), a federal district court may exercise diversity jurisdiction over a civil action if the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Varela v. Wal-Mart Stores, East, Inc., 86 F.Supp.2d 1109, 1110 (D.N.M. 2000). The amount in controversy normally is determined by the allegations in the complaint or, where they are not dispositive, by those included in the notice of removal. Laughlin v. K-Mart Corp., 50 F.3d 871, 873 (10th Cir. 1995) (internal citation

omitted). When neither document suffices, the court may look to other relevant materials in the record at the time of removal. See Varela, 86 F. Supp. 2d at 1111.

In the case of an action originally brought in federal court, the plaintiff's claimed amount is presumed to support diversity jurisdiction. See Martin v. Franklin Capital Corp., 251 F.3d 1284, 1289 (10th Cir. 2001). "The same is not true, however, when the case has been removed from state court." Id. In such a case, the defendant's claim as to the amount in controversy does not enjoy the same presumption of accuracy as does the plaintiff's. Additionally, where the plaintiff has failed to specify damages, the defendant bears the burden of proving the amount in controversy by a preponderance of the evidence. Id. at 1289-90. Bare allegations that the amount exceeds the jurisdictional minimum are insufficient; rather, the removing party must set forth the underlying facts supporting the assertion that the $75,000 minimum has been met. See Laughlin, 50 F.3d at 873.

On the other hand, in its attempt to determine the amount in controversy, the Court may not ignore the context of the case, as informed by the substance of the complaint or by other material in the record at the time of removal. See Hanna v. Miller, 163 F.Supp.2d 1302, 1305 (D.N.M. 2001). For example, the Court may look to (1) the substance and nature of the injuries and damages described in the pleadings; (2) attorney affidavits filed prior to or in connection with the removal notice; and (3) a plaintiff's prior admission in open court that the value of the claim exceeds the jurisdictional amount, or the plaintiff's refusal to admit that he or she is not seeking damages in excess of the statutory minimum. Id. at 1306 (collecting cases); see also Varela, 86 F.Supp.2d at 1111.

In this case, the Court notes that Plaintiff's *Complaint*, which is attached as an exhibit to the *Notice of Removal* [Doc. 1], specifically references approximately $25,000 in cleanup costs, an initial cleanup expense of more than $4,000, and an insurance premium of $1,048.39. But Plaintiff's *Complaint* also prays for an additional, unspecified amount in "consequential damages as a result of the willful and wrongful denial of coverage by the Defendant . . . , for attorney's fees and for triple damages and costs of this action." [Doc. 1-2.] These consequential damages may include additional costs resulting from the delay in accomplishing the needed repairs, such as those associated with moving out of the home, as well as those arising from conditions at the home, while it is left in a state of disrepair. Given the nature of the causes of action asserted in Plaintiff's pleading, it is reasonable to infer that the total amount of damages requested therein, including attorney fees, would exceed $75,000, and Defendant has met its burden of proving that the amount in controversy meets the jurisdictional minimum.

To the extent there is any ambiguity in the *Notice of Removal* or the *Complaint* attached to it, the evidence of record concerning the status of the litigation at the time of the removal also supports a finding that Defendant has met its burden of proving the amount in controversy to be $75,000 or more. On July 20, 2007, Defendant filed interrogatories and requests for production in state court which directed Plaintiff to "[d]escribe with particularity all of the alleged damages you seek to recover in this lawsuit" and to "[p]roduce all documents substantiating your description." [Ex. A to Doc. 6-2; Doc.5-2.] Plaintiff's response served on September 6, 2007, indicates that her "total claim" against Defendant was

5

"in the neighborhood of $200,000." [Ex. B to Doc. 6-3; Doc. 5-3.] In an offer of settlement dated October 16, 2007, Plaintiff's counsel estimated Defendant's "exposure at this moment" to be $150,000, and attached several documents to support this estimate. [Ex. C to Doc. 6-4.] All of these documents predate Defendant's *Notice of Removal* [Doc. 1] filed on October 22, 2007.

It is true that *after the action was removed to federal court*, Plaintiff filed her affidavit of November 2, 2007, indicating that her claim totals $74,500, and then Plaintiff's counsel offered to settle for that amount in a letter dated November 15, 2007. [Graelles Aff. ¶ 6, Doc. 3-2; Ex. D to Doc. 6-5.] But the general rule is that "postremoval events do not deprive federal courts of subject-matter jurisdiction." Powerex Corp. v. Reliant Energy Servs., Inc., 127 S. Ct. 2411, 2417 n.1 (2007) (citing Wisconsin Dep't of Corrections v. Schacht, 524 U.S. 381, 391 (1998)). Further, a plaintiff's offer to reduce the amount in controversy below the jurisdictional minimum cannot provide grounds for remand unless it takes the form of a binding waiver of any claim for damages above that amount. See In re Shell Oil Co., 970 F.2d 355, 356 (7th Cir. 1992) (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 294 (1938)). In this case, Plaintiff's post-removal affidavit and offer do not take the form of a binding waiver and therefore do not provide sufficient grounds for remanding this action to state court.

### III. CONCLUSION

For the foregoing reasons, the Court determines that Defendant has met its burden of proving that the statutory requirements for diversity of citizenship and amount in controversy were satisfied at the time of removal, and thus Plaintiff's motion to remand must be denied.

**IT IS, THEREFORE, ORDERED** that *Plaintiff's Motion to Remand* [Doc. 3] is **DENIED**.

**SO ORDERED**, this 29th day of January, 2008, in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
**United States District Judge**