**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**DENISE GRAELLES**,

    Plaintiff,

vs.                                                             No. **CIV 07-1054 MCA/RLP**

**STANDARD FIRE INSURANCE COMPANY,**

    Defendant.

**MEMORANDUM OPINION AND ORDER**

    **THIS MATTER** comes before the Court on Plaintiff's *Motion for Summary Judgment on Liability* [Doc. 9] filed on May 1, 2008. Having reviewed the parties' submissions, the relevant law, and otherwise being fully advised in the premises, the Court denies Plaintiff's motion and orders Plaintiff to show cause why this action should not be dismissed without prejudice for lack of prosecution and failure to comply with court orders.

    On May 10, 2007, Plaintiffs Pavel and Denise Graelles filed a *Complaint for Damages* in the Thirteenth Judicial District Court for the County of Sandoval, State of New Mexico. Plaintiffs' *Complaint* asserts two causes of action alleging that Defendant Standard Fire Insurance Company violated provisions of the New Mexico statutes and are therefore liable for damages, attorney fees, and costs that Plaintiffs suffered as a result of the denial of insurance coverage for a flooding incident at their home. [Doc. 1-2.]

After executing a quitclaim deed to the property in question, Plaintiff Pavel Graelles was dismissed from the action on September 11, 2007. Defendant David Delgado was dismissed from the action by stipulation of the parties on October 4, 2007. [Doc. 5.] As a result, Plaintiff Denise Graelles and Defendant Standard Fire Insurance Company are the only remaining parties to this litigation.

Defendant Standard Fire Insurance Company removed this action to federal court on October 22, 2007. Defendant's *Notice of Removal* [Doc. 1] asserts that the two remaining parties' citizenship is diverse and that the amount in controvery is at least $75,000. On November 14, 2007, Plaintiff Denise Graelles moved to remand the action to state court on the grounds that the amount in controversy is less than $75,000. The Court denied the motion to remand in a *Memorandum Opinion and Order* [Doc. 8] filed on January 29, 2008.

Four months later, on May 1, 2008, Plaintiff filed a *Motion for Summary Judgment On Liability* [Doc. 9] with an accompanying *Memorandum* asserting that Plaintiff's homeowners insurance policy was in effect on the date of the damage to her home and that any attempt by Defendant to cancel the policy before that date "was void and of no force and effect." Plaintiff's motion did not, however, provide any argument or authority to explain how these assertions about the insurance policy entitled her to *summary judgment* as to liability on any of the claims asserted in her *Complaint*, which are premised on alleged violations of New Mexico statutes and do not include a claim for breach of contract.

Plaintiff never filed a timely a reply brief or notice of completion of briefing on her motion for summary judgment. Plaintiff also failed to file a timely response to the Court's

*Order to Show Cause* [Doc. 11] filed on October 3, 2008, which directed the parties to respond in writing by no later than October 14, 2008, as to whether the Court should proceed to rule on Plaintiff's motion in the absence of a reply brief or a notice of completion of briefing. The Court's *Order to Show Cause* specifically noted that: "Apart from presenting argument an authority regarding the validity or effect of the purported cancellation, Plaintiff's summary-judgment motion does not further explain how the disposition of that issue affects Defendant's liability on any of the specific claims asserted in Plaintiff's *Complaint*." [Doc. 11, at ¶ 5.]

Under the circumstances, the Court will deny Plaintiff's motion for summary judgment. While styled as a motion for summary judgment on liability, the arguments contained therein only address the partial adjudication of a coverage issue without addressing the New Mexico statutes which form the basis for Plaintiff's *Complaint*. Accordingly, the Court is guided by the provisions of Fed. R. Civ. P. 56(d) amended in 2007 and entitled "Case Not Fully Adjudicated on the Motion." This rule provides as follows:

> (1) *Establishing Facts*. If summary judgment is not rendered on the whole action, the court should, to the extent practicable, determine what material facts are not genuinely at issue. The Court should so determine by examining the pleadings and evidence before it and by interrogating the attorneys. It should then issue an order specifying what facts–including items of damages or other relief–are not genuinely at issue. The facts so specified must be treated as established in the action.
>
> (2) *Establishing Liability*. An interlocutory summary judgment may be rendered on liability alone, even if there is a genuine issue on damages.

3

Fed. R. Civ. P. 56(d) (effective Dec. 1, 2007). In the reported case law preceding the effective date of these stylistic amendments, courts were divided on whether the above rule authorizes parties to move for partial or piecemeal *adjudication* of a particular issue of fact, as opposed to partial *judgment* on an entire claim or defense. Compare Cook v. Rockwell Intern. Corp., 181 F.R.D. 473, 486 n.13 (D. Colo. 1998) (quoting 11 James Wm. Moore, Moore's Federal Practice ¶ 56.40[2], at 56-279 (3d ed. 1998), for the proposition that such motions are permissible), with City of Wichita v. U.S. Gypsum Corp., 828 F. Supp. 851, 869 (D. Kan. 1993) (citing 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2737, at 457 (2d ed. 1983), for the proposition that such motions are prohibited), aff'd in part, rev'd in part on other grounds, 72 F.3d 1491 (10th Cir. 1996); see also Carbajal v. Lincoln Benefit Life Co., No. 06-cv-00884-EWN-BNB, 2007 WL 2221147, at *3 (D. Colo. 2007) (unpublished order citing City of Wichita with approval).

    Regardless of whether the rule permits or prohibits such piecemeal motion practice, district courts nevertheless retain the discretion to decline a request for partial adjudication of an issue where it would not materially expedite the litigation, see Patrick Schaumburg Automobiles, Inc. v. The Hanover Ins. Co., 452 F. Supp. 2d 857, 867 (N.D. Ill. 2006) (citing 10B Wright, Miller, & Kane, supra § 2737, at 318), or to defer the requested partial adjudication until the facts are sufficiently developed to consider summary judgment on the entire claim or defense to which it relates,  see Colsanto v. Life Ins. Co. of N. Am., 100 F.3d 203, 210 (1st Cir. 1996). The Advisory Committee Notes for the 2007 amendments to Fed.

4

R. Civ. P. 56(d) indicate that the word "shall" has been replaced with the word "should" in order to acknowledge the district court's discretion in this regard.

In this case, I find that the record is not sufficiently developed for the Court to make an informed decision as to the partial adjudication of an issue and that Plaintiff has failed to materially expedite the litigation by providing the necessary information in the form of a timely reply brief or response to the Court's *Order to Show Cause* explaining how the resolution of the coverage issue affects the *statutory* claims asserted in Plaintiff's *Complaint*. I further determine that insofar as Plaintiff's motion papers only address the partial adjudication of an issue without providing argument or authority in support of summary judgment as to liability on any of the statutory claims asserted in Plaintiff's *Complaint*, the record is not sufficient to grant the relief requested in that motion. Plaintiff's *Motion for Summary Judgment on Liability* [Doc. 9] is, therefore, denied.

Plaintiff's failure to file a reply brief, a notice of completion of briefing, or a response to the Court's *Order to Show Cause* also raises concerns about Plaintiff's failure to prosecute this matter and comply with this Court's orders. "[F]ailure of the plaintiff to prosecute or to comply with these rules or any order of court" provides a basis for involuntary dismissal under Fed. R. Civ. P. 41(b). Accordingly, the Court will order Plaintiff to show cause in writing by no later than February 20, 2009, as to why this action should not be dismissed without prejudice for failure to prosecute or comply with this Court's orders.

**IT IS, THEREFORE, ORDERED** that Plaintiff's *Motion for Summary Judgment on Liability* [Doc. 9] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff is directed to show cause in writing by no later than **February 20, 2009**, why the Court should not dismiss this action without prejudice for failure to prosecute or to comply with court orders.

**SO ORDERED**, this 10th day of February, 2009, in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
United States District Judge