## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**DENISE GRAELLES**,

      Plaintiff,

vs.                            No. **CIV 07-1054 MCA/RLP**

**STANDARD FIRE INSURANCE COMPANY,**

      Defendant.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on *Plaintiff's Partially Opposed Motion for Leave to File Amended Complaint* [Doc. 21] filed on April 6, 2009.  Having reviewed the parties' submissions, the relevant law, and otherwise being fully advised in the premises, the Court grants Plaintiff's motion in part and denies Plaintiff's motion in part for the reasons set forth below.

### I.      BACKGROUND

The history of this litigation is set forth in the Court's *Memorandum Opinion and Order* [Doc. 13] filed on February 10, 2009.  In that ruling, the Court denied Plaintiff's *Motion for Summary Judgment on Liability* [Doc. 9] filed on May 1, 2008, noting that Plaintiff failed to file a timely reply brief or notice of completion of briefing and that the motion papers did not link Plaintiff's arguments on liability to any of the specific counts set forth in Plaintiff's pleading.  Plaintiff also failed to file a timely response to the Court's

*Order to Show Cause* [Doc. 11] of October 3, 2008, which directed the parties to respond in writing by no later than October 14, 2008, as to whether the Court should proceed to rule on Plaintiff's motion in the absence of a reply brief or a notice of completion of briefing. Consequently, the Court ordered Plaintiff to show cause why the matter should not be dismissed without prejudice for failure to prosecute or comply with court orders. Plaintiff finally responded on February 18, 2009, by proposing to substitute counsel as a remedy for the shortcomings noted in the Court's prior rulings. [Doc. 14.]

The Court accepted this proposal, quashed the *Order to Show Cause*, and allowed the substitution of counsel in a text-only *Order* [Doc. 16] filed on March 2, 2009. The assigned Magistrate Judge then attempted to advance the resolution of this matter by issuing an *Initial Scheduling Order* [Doc. 18] on March 6, 2009. The scheduling conference set by the Magistrate Judge was vacated at the parties' request, however, because of Plaintiff's wish to file an amended pleading asserting claims against a new party, Litton Loan Servicing LP. [Doc. 20.]   Plaintiff then filed her motion to amend the *Complaint* [Doc. 21] on April 6, 2009.

In addition to adding claims against the proposed new Defendant, Litton Loan Servicing LP, Plaintiff's *Proposed First Amended Complaint* [Doc. 21-2] also would add new claims against the existing Defendant, Standard Fire Insurance Company. In addition to the existing counts alleging violations of the Unfair Claims Practices Act, NMSA 1978, § 59A-16-20, and the Unfair Trade Practices Act, NMSA 1978, §§ 57-12-2, 57-12-3,

Plaintiff's proposed amended pleading adds new counts for breach of contract, breach of the covenant of good faith and fair dealing, and promissory estoppel against Defendant Standard.  Plaintiff also wishes to add punitive damages to the remedies requested in the proposed amended pleading.  [Doc. 21-2.]

Defendant Standard does not oppose those aspects of Plaintiff's motion which seek to join Litton as a second defendant.  But Defendant Standard does oppose Plaintiff's motion insofar as it seeks to add new claims or remedies which, according to Defendant Standard, are not timely asserted and will lead this litigation further astray from the core issue of whether the cancellation of the insurance contract between the two existing parties was valid under New Mexico law.  In this regard, Defendant Standard notes that the case already proceeded through discovery and motions practice in state court before it was removed to federal court, and that the prior activity in federal court was limited to briefing a motion to remand and then refiling Plaintiff's state-court motion for partial summary judgment on liability.  [Doc. 23.]  Plaintiff replies that notwithstanding such prior activity, the case remains in its early stages, and no trial date or pretrial deadlines have been set pursuant to Fed. R. Civ. P. 16.  [Doc. 24.]

## II.    <u>ANALYSIS</u>

Insofar as no pretrial scheduling has been conducted in this case pursuant to Fed. R. Civ. P. 16, the Court agrees with Plaintiff that determining the timeliness of her motion to amend the pleadings is instead governed by Fed. R. Civ. P. 15(a).  <u>Cf.</u> <u>O'Connell v. Hyatt</u>

Hotels of Puerto Rico, 357 F.3d 152, 154-55 (1st Cir. 2004) (comparing Rules 15 and 16

with respect to standards for determining the timeliness of a motion to amend).  Under the

latter rule, a complaint may be amended "once as a matter of course . . . before a responsive

pleading is filed."  Fed. R. Civ. P. 15(a).  Thereafter, such an amendment requires leave of

the Court or written consent of the adverse party.  Courts "should freely give leave when

justice so requires."  Id.

      Nevertheless, it remains within the Court's discretion to deny leave to amend a

pleading under Fed. R. Civ. P. 15(a) based upon a justifying reason such as "undue delay,

bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies

by amendments previously allowed, undue prejudice to the opposing party by virtue of

allowance of the amendment, [and] futility of amendment."  Foman v. Davis, 371 U.S. 178,

182 (1962); accord Hom v. Squire, 81 F.3d 969, 973 (10th Cir. 1996).  Although the Court

also considers whether the proposed amendment will cause unfair prejudice or results from

bad faith, see O'Connell, 357 F.3d at 155, the Tenth Circuit has "often found untimeliness

alone a sufficient reason to deny leave to amend, 'especially when the party filing the motion

has no adequate explanation for the delay.'" Pallottino v. City of Rio Rancho, 31 F.3d 1023,

1027 (10th Cir. 1994); Viernow v. Euripides Dev. Corp., 157 F.3d 785, 799 (10th Cir. 1998);

Minter v. Prime Equip. Co., 451 F.3d 1196, 1205-06 (10th Cir. 2006).  "Where the party

seeking amendment knows or should have known of the facts upon which the proposed

amendment is based but fails to include them in the original complaint, the motion to amend

is subject to denial." <u>State Distribs., Inc. v. Glenmore Distilleries Co.</u>, 738 F.2d 405, 416 (10th Cir.1984).

In this case, the delay between the original and amended pleading spans almost two years.  The primary reason given by Plaintiff for this lengthy delay is the removal of this action to federal court and the subsequent substitution of counsel who is more familiar with federal practice.  The new counts and remedies sought in the proposed amended pleading, however, do not arise under federal law.  Rather, they are all premised on state law and facts that Plaintiff's original counsel knew or should have known previously, especially given the discovery that occurred while the matter was proceeding in state court.  Thus, the Court concludes that neither the substitution of counsel nor the removal of this action to federal court provides an adequate explanation for the delay in seeking to amend the *Complaint*.  In particular, the Court finds that the assertion of entirely new claims for promissory estoppel and breach of the covenant of good faith and fair dealing are an example of "present[ing] 'theories seriatim'" in an effort to salvage a case on the cusp of dismissal.  <u>Minter</u>, 451 F.3d at 1206.

The Court acknowledges, however, that insofar as the prior ruling on Plaintiff's *Motion for Summary Judgment on Liability* [Doc. 9] noted the need for clarification on how the policy cancellation issue provides grounds for granting summary judgment on the claims asserted in the original *Complaint*, there is adequate justification for allowing Plaintiff to reframe her pleading in some respects.  In particular, the Court agrees that Plaintiff is

justified in adding a breach-of-contract claim against Defendant Standard and making other minor clarifying amendments which help to bring into focus whether the policy cancellation issue establishes liability on a claim for which the Court could grant partial summary judgment.

Further, it is not the Court's role to inquire about the justification for adding Defendant Litton as a second defendant at this juncture, because Defendant Standard has consented in writing to that amendment. [Doc. 23.] When such written consent is obtained, Fed. R. Civ. P. 15(a) does not require the Court's approval so long as the amendment remains within the scope of such consent. See Am. States Ins. Co. v. Dastar Corp., 318 F.3d 881, 888 (9th Cir. 2003).

Fore these reasons, Plaintiff's unopposed amendments relating to the joinder of Litton as a defendant and the addition of the breach of contract claim are permitted by operation of Fed. R. Civ. P. 15(a) and Defendant Standard's written consent. The Court denies Plaintiff's motion, however, with respect to the addition of the new counts for promissory estoppel and breach of the covenant of good faith and fair dealing, as well as the prayer for punitive damages.

**IT IS, THEREFORE, ORDERED** that *Plaintiff's Partially Opposed Motion for Leave to File Amended Complaint* [Doc. 21] is **GRANTED IN PART** and **DENIED IN PART** in the manner set forth above

**IT IS FURTHER ORDERED** that Plaintiff shall file her *First Amended Complaint*

by no later than October 5, 2009.

**SO ORDERED** this 23rd day of September, 2009, in Albuquerque, New Mexico.

**M. CHRISTINA ARMIJO**
United States District Judge